UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT A. SORENSON,

        Plaintiff,

  v.

COUNTRYWIDE HOME LOANS, INC.;
MORTGAGE ELECTRONIC
REGISTRATIONS SYSTEMS, INC.;
GALINA CHEREDAYKO and DOES 1-
20 inclusive,

        Defendants.

No. 2:09-cv-01943-MCE-KJM

MEMORANDUM AND ORDER

----oo0oo----

Presently before the Court is a Motion by Defendants Countrywide Home Loans, Inc. ("CHL"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Galina Cheredayko ("Cheredayko") (collectively "Defendants") to Dismiss the First Amended Complaint of Plaintiff Robert A. Sorenson ("Plaintiff") for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1

Defendants also move to strike portions of Plaintiff's Complaint. For the reasons set forth below, Defendants' Motion to Dismiss is granted.

**BACKGROUND**[2]

On April 26, 2005, Cheredayko approached Plaintiff representing herself as a loan officer for CHL and soliciting him to purchase a residence. Cheredayko told Plaintiff that she could get him the "best deal" and the "best interest rates" on the market, and that if the loan ever became unaffordable she would simpy refinance it into a more affordable loan.

Plaintiff states that he was not given any copies of the loan documents prior to closing, nor did he receive statutorily required copies of a proper notice of cancellation. He alleges that the notary did not explain any of the loan documents to him and that he was given only a few minutes to sign. Plaintiff officially closed on the property on July 26, 2005. The Deed of Trust identified CHL as the lender, and MERS as nominee for the Lender and Lender's succesor and assigns, and the beneficiary.

On April 17, 2009, pursuant to the Real Estate Settlement Procedures Act, Plaintiff sent a Qualified Written Request ("QWR") to CHL. The QWR included a demand to rescind the loans under TILA. Plaintiff claims that CHL has yet to properly respond.

///
///

---

[2] The factual assertions in this section are based on the allegations in Plaintiff's Complaint unless otherwise specified.

Plaintiff now alleges several causes of action in connection with his mortgage loan including: violation of the Truth in Lending Act ("TILA"); violation of California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"); negligence; violation of the Real Estate Settlement Procedures Acts ("RESPA"); breach of fiduciary duty; fraud; violation of California's Uniform Commercial Code ("UCL"); breach of contract; and breach of the implied covenant of good faith and fair dealing.

**STANDARD**

**A. Motion to Dismiss**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Id. at 1964-65 (internal citations and quotations omitted).

Factual allegations must be enough to raise a right to relief above the speculative level. Id. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

"Rule 8(a)(2)...requires a 'showing,' rather than a blanket assertion of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Twombly, 550 U.S. 556 n.3. A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs...have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. Nevertheless, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556.

When a claim for fraud is raised, Federal Rule of Civil Procedure 9(b) provides that "a party must state with particularity the circumstances constituting fraud." "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Neubronner v. Milken, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations and citations omitted).

///

4

"The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." Id. at 672.

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. A court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is denied only when it is clear the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**B.     Motion to Strike**

The Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are a drastic remedy and generally disfavored. 5C Wright & A. Miller, Federal Practice and Procedure § 1380 (3d ed. 2004). Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pled. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994) (internal citations and quotations omitted). A matter is impertinent if the statements do not pertain, and are not necessary, to the issues in question. Id.

"Scandalous" matters "cast a cruelly derogatory light on a party or other person." In re 2TheMart.com, Inc. Sec. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000); see, e.g., Alvarado-Morales v. Digital Equip. Corp., 843 F.2d 613 (1st Cir. 1988) (striking the terms "brainwashing" and "torture" in a tort case in the employment context).

**ANALYSIS**

**A.  TILA Claim as Asserted Against CHL**

The purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit..." 15 U.S.C. § 1601(a).  It requires the lender to provide several disclosures to the consumer regarding their debt, including providing notice of the right to rescind.

Plaintiff alleges that CHL failed to provide Plaintiff with the mandatory TILA disclosure statements and notice of right to rescind.  CHL argues that Plaintiff's claim for TILA violations is time-barred because civil penalties under TILA are subject to a one-year statute of limitations.

Specifically the statute of limitations for damages under TILA, codified at 15 U.S.C. § 1640(e), states that, "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of occurrence of the violation."
///

The "date of occurrence" is the date the transaction is consummated, which in a mortgage loan case is when the Plaintiff closed on the loan. See Walker v. Washington Mutual Bank FA, 63 F. App'x. 316, 317 (9th Cir. 2003). Plaintiff's loan closed on July 26, 2005, triggering a TILA statute of limitations period that expired July 26, 2006. Plaintiffs, however, did not file suit until July 16, 2009, nearly three years after the prescribed period.

Furthermore Plaintiff seeks to rescind his loan. Pursuant to TILA provisions codified at 15 U.S.C. § 1635(a), a consumer may elect to cancel their residential mortgage loan within three days of either the consummation of the transaction or delivery of required disclosures and rescission forms, whichever is later. If the required disclosures are not provided, then the right to cancel extends three years after the date of the loan. Plaintiff's loan closed on July 26, 2005, therefore his right to rescind expired on July 26, 2008. Once again, Plaintiff's claim is time-barred.

In most cases, an expiration of the statute of limitations would mandate dismissal of the claim. To save his claim Plaintiff argues that equitable tolling should apply to suspend the statute of limitations.

The Ninth Circuit has held that "the doctrine of equitable tolling may, in appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986).

In determining justifiable application of the equitable tolling doctrine, a court "focuses on excusable delay by the plaintiff." Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir. 2002). Excusable delay by the plaintiff is defined as whether a reasonable plaintiff would not have known of the existence for a possible claim within the limitations period. Lukovsky v. City & County of San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008). To establish excusable delay, the plaintiff must show "fraudulent conduct by the defendant resulting in concealment of the operative facts, failure of the plaintiff to discover the operative facts that are the basis of its cause of action within the limitations period, and due diligence by the plaintiff until discovery of those facts." Federal Election Com'n v. Williams, 104 F.3d 237, 240-41 (9th Cir. 1996).

Here, the only explanation that Plaintiff provides to invoke this equitable protection is he was not given the loan documents prior to closing and that he believes the facts surrounding his loan transaction were purposefully hidden from him. However Plaintiff has not plead any level of due diligence on his own part to seek out the necessary disclosures or to inquire about his right to rescind. The touchstone of the "excusable delay" inquiry is that Plaintiff sought to discover operative facts but was prevented from doing so by Defendants. If Plaintiff is going to seek equitable treatment from this Court he must invest the requisite effort necessary to justify suspending the statute of limitations.

///

///

Equitable tolling will not be applied, and thus the statute of limitations period has run. Defendants' Motion to Dismiss Plaintiff's TILA claim is granted.

**B. California's RFDCPA As Asserted Against CHL and MERS**

The California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA") was enacted "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts, and to require debtors to act fairly in entering into and honoring such debts." Cal. Civ. Code § 1788.1. Plaintiff alleges that Defendants CHL and MERS violated the RFDCPA by "collecting on a debt not owed to the Defendants, making false reports to credit reporting agencies, falsely stating the amount of a debt, increasing the amount of debt by including amounts that are not permitted by law or contract, and using unfair and unconscionable means to collect a debt."

However, based on the language of the statute, courts have declined to regard a residential mortgage loan as a 'debt' under the RFDCPA. See Cal. Civ. Code § 1788.2(e)-(f); Castaneda v. Saxon Mortg. Services, Inc., No. 2:09cv01124, 2009 WL 4640673, at *3 (E.D. Cal. Dec. 3, 2009) (holding that a foreclosure pursuant to a deed of trust does not constitute a debt collection under the RFDCPA); Ines v. Countrywide Home Loans, Inc., No. 08CV1267, 2008 WL 4791863, at *3 (S.D. Cal. 2008) (stating plaintiff's mortgage debt claim did not fall within the meaning of the RFDCPA);
///

Pittman v. Barclays Capital Real Estate, Inc., No. 09CV0241, 2009 WL 1108889, at *3 (S.D. Cal. April 24, 2009) (dismissing plaintiff's mortgage-related RDFCPA claim for failing to "invoke statutory protections").

The behavior Plaintiff complains of arises out of or exists in connection to his residential loan mortgage. As the courts have repeatedly held, the collection of this debt does not fall under the purview of the RFDCPA.

Defendants' Motion to Dismiss Plaintiff's RFDCPA claim is granted.

**C.  Negligence As Asserted Against All Defendants**

Plaintiff alleges that the Defendants "owed a general duty to the Plaintiff to perform acts in such a manner as to not cause Plaintiff harm." Plaintiff alleges that CHL and MERS breached that duty when they "failed to maintain the original Mortgage Note, failed to properly create original documents,[and] failed to make the required disclosures to the Plaintiff." Plaintiff alleges Cheredayko and CHL breached a duty when "they used their knowledge and skill to direct Plaintiff into two loans for which Plaintiff was not qualified."

In order to state a cause of action for negligence, a plaintiff must allege: (1) the defendant has a legal duty to use due care; (2) the defendant breached such legal duty; (3) the defendant's breach was the proximate or legal cause of the resulting injury; and (4) damage to the plaintiff. Ladd v. County of San Mateo, 12 Cal. 4th 913, 917 (1996).

10

The existence of a legal duty on the part of the defendant is a question of law to be determined by the court. <u>Kentucky Fried Chicken of California, Inc. v. Superior Court</u>, 14 Cal. 4th 814, 819 (1997); <u>Isaacs v. Huntington Memorial Hospital</u>, 38 Cal. 3d 112, 124 (1985). When not provided by statute, the existence of such a duty depends upon the foreseeability of the risk and a weighing of policy considerations for and against the imposition of liability. <u>Jacoves v. United Merchandising Corp.</u>, 9 Cal. App. 4th 88, 105 (1992).

"[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." <u>Nymark v. Heart Fed. Sav. & Loan Ass'n</u>, 231 Cal. App. 3d 1089, 1095-96 (1991) (affirming summary judgment in favor of defendant lending institution because defendant owed no duty to plaintiff in conducting its loan processing procedures); see <u>Wagner v. Benson</u>, 101 Cal. App. 3d 27, 35 (1980) ("Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'").

CHL, as lender, Cheredayko, as an employee of the lender, and MERS, as nominee of the lender, owed no duty of care to Plaintiff. Plaintiff has not plead any action beyond the domain of a usual money lender which would create such a duty, or any special relationship giving rise to a duty between Plaintiff and the lender.

Defendants' Motion to Dismiss Plaintiff's negligence claim is therefore granted.

**D. RESPA As Asserted Against CHL**

Plaintiff alleges that on April 17, 2009 he sent CHL a QWR demanding to rescind his loan as permitted by TILA. Plaintiff contends CHL violated the RESPA, 12 U.S.C. §2605(e)(2), by failing to properly respond to his QWR.

RESPA requires mortgage loan servicers who receive a QWR for information relating to the servicing of their loan to provide a written response within 20 days acknowledging receipt of the correspondence. 12 U.S.C. § 2605(e)(1)(A). For the purposes of the Act, a QWR is defined as "a written correspondence [] that... includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B).

Although Plaintiff describes his letter as a QWR, he fails to allege any facts which qualify it as such. Plaintiff has not alleged that he was seeking information about his account or that he was attempting to correct an error. Plaintiff states only that his QWR included a demand to rescind the loan. However, a letter demanding rescission is simply that, a rescission letter. It does not amount to a QWR invoking the protection of RESPA.

Therefore, Plaintiff fails to state a claim for violation of RESPA. Defendants' Motion to Dismiss Plaintiff's RESPA claim is granted.

///
///
///

**E. Breach of Fiduciary Duty as Asserted Against Cheredayko and CHL**

The elements of a cause of action for breach of fiduciary duty are 1) the existence of a fiduciary duty, 2) the breach of that duty; and 3) damage proximately caused by the breach. Under California law, "[a]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Federal Savings and Loan Assn., 231 Cal. App. 3d 1089, 1096 (1991); see also Price v. Wells Fargo Bank, 213 Cal. App. 3d 465, 476 (1989). Unless there is a finding of a joint venture or special circumstances, a lender does not owe a borrower a fiduciary duty. Resolution Trust Corp. v. BVS Development Inc., 42 F.3d 1206, 1214 (9th Cir. 1994).

Plaintiff alleges he hired Cheredayko and CHL to be his agents for the purpose of obtaining a loan. He states that he agreed to pay Cheredayko and CHL a commission from the proceeds. Based upon this alleged arrangement, Plaintiff asserts that Cheredayko and CHL owed him a fiduciary duty.

However, as Plaintiff's own Complaint explains, Cheredayko at all times represented herself as a loan officer for CHL. Central to the fiduciary relationship is the knowing agreement by the fiduciary to subordinate its interest to act on behalf of and for the benefit of another. Committee on Children's Television, Inc. v. General Foods Corp. 35 Cal. 3d 197, 221 (1983).

///

///

Rather than knowingly agreeing to act on behalf of Plaintiff, Cheredayko clearly informed Plaintiff that her employer, and therefore her principal, was the lending institution CHL. CHL, as a commercial lender, was entitled to pursue its own economic interest in the loan transaction. See Kruse v. Bank of America, 202 Cal. App. 3d 38, 67 (1988).

Therefore, Defendants' Motion to Dismiss Plaintiff's claim for breach of fiduciary duty is granted.

**F.  Fraud as Asserted Against All Defendants**

In California the required elements of fraud are "a) misrepresentation, b) knowledge of falsity, c) intent to defraud, i.e., to induce reliance, d) justifiable reliance, and e) resulting damage." In re Estate of Young, 160 Cal. App. 4th 62, 79 (2008) (citation omitted). A claim for fraud requires a heightened pleading standard in which the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). Statements of the time, place and nature of the alleged fraudulent activities are sufficient, id. at 735, provided the plaintiff sets forth "what is false or misleading about a statement and why it is false." In re GlenFed, Inc., Securities Litigation, 42 F.3d 1541, 1548 (9th Cir. 1994).

///

Here, that standard has not been met. Plaintiff alleges that Cherdayko and CHL made false representations to Plaintiff regarding interest rates, financing options, availability of refinancing, and Plaintiff's qualification for the loan. Plaintiff alleges that CHL misrepresented that it had the right to collect money on the debt, and that MERS misrepresented that it was a qualified beneficiary. However Plaintiff's Complaint does not specifically allege what was false or misleading about these statements and why they are false, therefore falling short of the necessary pleading standard. Simply alleging that Defendants "misrepresented" themselves is insufficient.

Defendants' Motion to Dismiss Plaintiff's fraud claim is granted.

**G.    California's UCL As Asserted Against All Defendants**

California's Business and Professions Code § 17200 *et seq.*, more commonly known as California's Unfair Competition Law ("UCL") defines unfair competition as "any unlawful, unfair or fraudulent business act or practice." "Unlawful" practices are practices "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulation, or court-made." Saunders v. Superior Court, 27 Cal. App. 4th 832, 838-39 (1994) (citing People v. McKale, 25 Cal. 3d 626, 632 (1979)). To state a cause of action based on an "unlawful" business act or practice under the UCL, a plaintiff must allege facts sufficient to show a violation of some underlying law. McKale, 25 Cal.3d at 635.
///

A business act or practice is "unfair" when the conduct "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to a violation of the law, or that otherwise significantly threatens or harms competition." Cel-Tech Communications, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 187 (1999). To sufficiently plead an action based on an "unfair" business act or practice, a plaintiff must allege facts showing the "unfair" nature of the conduct and that the harm caused by the conduct outweighs any benefits that the conduct may have. Motors, Inc. v. Times Mirror Co., 102 Cal. App. 3d 735, 740 (1980).

A "fraudulent" business act or practice is one in which members of the public are likely to be deceived. Hall v. Time, Inc., 158 Cal. App. 4th 847, 849 (2008); Olsen, supra, 48 Cal. App. 4th at 618 ("does not refer to the common law tort of fraud but only requires a showing [that] members of the public 'are likely to be deceived'"). Thus, in order to state a cause of action based on a "fraudulent" business act or practice, the plaintiff must allege that consumers are likely to be deceived by the defendant's conduct. Committee on Children's Television, Inc. v. General Foods Corp., 35 Cal. 3d 197, 212 (1983).

Furthermore, a plaintiff alleging unfair business practices under § 17200 "must state with reasonable particularity the facts supporting the statutory elements of the violation. Khoury v. Maly's of California, Inc., 14 Cal. App. 4th 612, 619 (1993).

///

///

In alleging violation of the UCL, Plaintiff incorporates by reference all prior causes of actions, however none of those claims have been sufficiently plead to survive a motion to dismiss. Plaintiff therefore lacks a predicate "unlawful" action to underlie his UCL claim.

Similarly he fails to allege with reasonable particularity "unfair" or "fraudulent" behavior by Defendants. Plaintiff asserts that "unlawful, unfair, and/or fraudulent business practices" have occurred but he does not identify which specific behaviors he believes are punishable under the UCL. To the extent to which he may be referring to *all* alleged wrongful conduct listed in the Complaint, Plaintiff still fails to state why such behavior is "unfair" or "fraudulent" as defined by the statute.

Due to Plaintiff's failure to sufficiently plead unlawful, unfair or fraudulent behaviors, Defendants' Motion to Dismiss Plaintiff's UCL claim is granted.

**H. Breach of Contract As Asserted Against Cheredayko and CHL**

Under California law, to state a claim for breach of contract, the plaintiff must plead: 1) the existence of the contract; 2) plaintiff's performance or excuse for nonperformance of the contract; 3) defendant's breach of the contract; and 4) resulting damages. <u>Armstrong Petrol. Corp. V. Tri Valley Oil & Gas Co.</u>, 116 Cal. App. 4th 1375, 1391 n. 6 (2004).

///
///

Plaintiff alleges the contract was breached when Defendants failed to provide an affordable loan, failed to obtain the interest rates promised, failed to submit an accurate loan application, failed to supervise, failed to provide loan documents prior to closing, and failed to explain such documents to Plaintiff.

However, despite these many complaints Plaintiff never alleges where in his mortgage loan contract, or any contract, these promises were explicitly memorialized. A breach of contract claim rests upon the actual terms of the contract, however Plaintiff fails to allege any breach of the express provisions of the loan agreement. Consequently, Plaintiff's claim for breach of contract fails. Defendants' Motion to Dismiss Plaintiff's breach of contract claim is granted.

**I. Breach of Covenant of Good Faith and Fair Dealing as Asserted Against Cheredayko and Countrywide**

The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation. <u>Foley v. Interactive Data Corp.</u>, 7 Cal. 3d 654, 683-684 (1988). The covenant of good faith is read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose. <u>Id</u>. at 690. "In essence, the covenant is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct which frustrates the other party's rights to the benefits of the contract." <u>Love v. Fire Ins. Exchange</u>, 221 Cal. App. 3d 1136, 1153 (1998).

Under California law, recovery for breach of the covenant "is available only in limited circumstances, generally involving a special relationship between the contracting parties." Bionghi v. Metro. Water Dist., 70 Cal. App. 4th 1358, 1370 (1999). California courts have rejected the argument that the doctrine, which traditionally extends only to unique fiduciary like relationships, should encompass normal commercial banking transactions. Mitsui Mfrs. Bank v. Superior Court, 212 Cal. App. 3d 726, 729 (1989).

Plaintiff alleges that Cheredayko and CHL breached the covenant of good faith and fair dealing by "failing to pay at least as much regard to Plaintiff's interests as to Defendants' interests," "failing to disclose to Plaintiff the true nature of the loan," and "failing to give Plaintiff the requisite notice and disclosures."

Regardless whether these allegations are valid, redress is not available under the good faith doctrine. There is not a "unique fiduciary relationship" between parties such that application of the doctrine is warranted. Instead, the alleged breach arises out of a normal commercial transaction, a mortgage loan, and the California courts have declined to extend the doctrine to such transactions.

Accordingly, Defendants' Motion to Dismiss Plaintiff's claim for breach of the covenant of good faith and fair dealing is granted.

///
///
///

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss Plaintiff's Complaint (Docket No. 15) is GRANTED with leave to amend. Defendants' Motions to Strike (Docket Nos. 16 and 18) are DENIED as moot.

Plaintiff may file an amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically. If no amended complaint is filed within said twenty (20)-day period, without further notice, Plaintiff's remaining claims will be dismissed without leave to amend.

IT IS SO ORDERED.

Dated: January 11, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE